**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,        Criminal Case No. 05-81135

v.        Civil Case No. 09-14692

ZACK BROWN,        HON. MARIANNE O. BATTANI

        Defendant/Petitioner.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255**

**I.    INTRODUCTION**

Before the Court is Petitioner Zack Brown's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255. (Doc. 270). For the reasons discussed below, the Court denies Petitioner's Motion to Vacate.

**II.    STATEMENT OF FACTS**

On June 6, 2006, Brown was charged, in a second superseding indictment, with committing 110 acts of conspiracy, mail fraud, and health care fraud in connection with a scheme to bill Blue Cross Blue Shield of Michigan ("BCBS") for physical therapy services and injections that were never provided. Following trial on a redacted 80-count indictment, Brown was convicted on all counts and sentenced to 200 months' imprisonment. Brown appealed his sentence to the Sixth Circuit and argued that the amounts he billed to BCBS should not have been used to determine the amount of loss

under the sentencing guidelines because neither Brown nor anybody else expected BCBS to pay the full amount billed. The Sixth Circuit rejected this argument and affirmed Brown's sentence. On December 1, 2010, Brown filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255.

### III. ANALYSIS

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (quotation omitted).

In his Motion to Vacate, Brown appears to argue both (1) that this Court erred by using the intended loss, instead of the actual loss, to calculate the amount of loss under sentencing guidelines, and (2) that his counsel was ineffective because he failed to (a) argue either at trial or on appeal that the amount of loss should be the actual loss, not the intended loss according to U.S.S.G. § 2B1.1, comment. n.3(F)(ii), or (b) call Brown to testify as to his realistic expectation that BCBS would not pay the full amount of the billed charges. In response, the government argues, among other things, that Brown already argued on direct appeal that the Court should have used the intended, instead of actual, loss to calculate the amount of loss, and that he cannot re-raise this issue now because there has been no intervening change in the law. Brown replies by contending that the government mischaracterized his § 2255 motion. He states that his motion actually was "based solely upon the ground of ineffective assistance of counsel at both the sentencing hearing and upon direct appeal." Accordingly, to the extent that

2

Brown raised an argument concerning the Court's use of the intended loss instead of the actual loss to calculate the amount of loss under the sentencing guidelines, the Court finds that argument to be abandoned. As such, the sole issue to be addressed is whether Brown's counsel was ineffective.

As already discussed, Brown argues that his counsel was ineffective because he both failed to argue that the amount of loss should be the actual loss — not the intended loss — according to U.S.S.G. § 2B1.1, comment., n.3(F)(ii), and failed to call Brown to testify that he did not expect BCBS to pay the full amount of the billed charges.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. Id.

In order to prove deficient performance, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. To satisfy the prejudice prong under Strickland, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

proceeding would have been different." Id. at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  Id.

Brown first claims that his counsel was ineffective for not arguing that U.S.S.G. § 2B1.1, comment. n.3(F)(ii), required the court to look at the actual loss, instead of the intended loss, when determining the amount of loss in this case.  The portion of the commentary referenced by Brown states:

> (ii) Government Benefits.--In a case involving government benefits (e.g., grants, loans, entitlement program payments), loss shall be considered to be not less than the value of the benefits obtained by unintended recipients or diverted to unintended uses, as the case may be.  For example, if the defendant was the intended recipient of food stamps having a value of $100 but fraudulently received food stamps having a value of $150, loss is $50.

U.S.S.G. § 2B1.1, comment. n.3(F)(ii).  Brown contends that this commentary shows that the actual loss should be used because the example contained in the commentary looks to the actual loss.

This argument fails because the commentary only states that the loss shall "be *not less than* the value of the benefits obtained by unintended recipients or diverted to unintended uses."  Id. (emphasis added).  As the Sixth Circuit observed, "by saying 'not less than the value of benefits obtained,' the Guidelines suggest that the dollar amount that the defendant receives serves as a minimum value for the government's loss, but that the government's loss can exceed that value."  United States v. Dedman, 527 F.3d 577, 602 (6th Cir. 2008).  Accordingly, this commentary does not indicate that the loss cannot exceed the benefits obtained (i.e., the actual loss) as Brown contends.  As U.S.S.G. § 2B1.1, comment n.3(F)(ii) does not support Brown's argument that the Court erred by looking to the intended loss, his counsel's failure to raise this argument neither

4

constituted deficient performance nor prejudiced Brown.  See Strickland, 466 U.S. at 690, 694.

Brown's second argument that his counsel was ineffective is that his counsel should have had him testify at sentencing that he did not expect BCBS to pay the full amount of the billed charges.  Presumably, this would have provided evidence in support of Brown's contention that he did not intend to cause a loss equal to the billed charges.  Brown's argument fails, however, because he has not shown that his counsel's decision not to have him testify was unreasonable under the circumstances. In particular, in light of the fact that the Court explicitly acknowledged that doctors bill for more than what they think they will receive, it was reasonable for Brown's counsel not to have him testify regarding this matter.   Furthermore, as the Court acknowledged that doctors like Brown bill insurance companies for more than they expect to receive, Brown cannot show that he was prejudiced by his counsel's failure to have him testify. Accordingly, Brown's ineffective assistance of counsel claim fails.  See Strickland, 466 U.S. at 694.

## V.     CONCLUSION

Accordingly, the Court **DENIES** Brown's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255.  (Doc. 270).

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

DATED: April 7, 2010

**CERTIFICATE OF SERVICE**

     Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

                                          s/Bernadette M. Thebolt
                                          Case Manager