**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,        Criminal Case No. 05-81135

v.        Civil Case No. 09-14692

ZACK BROWN,        HON. MARIANNE O. BATTANI

        Defendant/Petitioner.

_____/

**ORDER GRANTING CERTIFICATE OF APPEALABILITY,**
**GRANTING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS,**
**AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

Before the Court is Petitioner Zack Brown's request that this Court (1) permit him to proceed *in forma pauperis* on appeal; (2) assign counsel to him; and (3) grant him a reasonable extension of time to perfect his appeal. (Doc. 283).

As an initial matter, the Court notes that Brown may not proceed with an appeal unless he is granted a certificate of appealability. See 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. §2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997). Where, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: the Petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court will grant Brown a Certificate of Appealability relating to whether his counsel was ineffective for not objecting to an alleged misstatement regarding the amount of loss. The Court notes that Brown's reply to the government's response to his § 2255 motion indicated that this was the only issue he was pursuing. (See doc. 279 ("Defendant's § 2255 motion is based solely upon the ground of ineffective assistance of counsel at both teh sentencing hearing and upon direct appeal.")).

Furthermore, upon review of Brown's affidavit of indigency, the Court grants Brown permission to proceed *in forma pauperis* on appeal. See FED. R. APP. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). There is, however, no right to counsel for the appeal of the denial of a § 2255 motion, and the Court denies Brown's request for appointment of counsel. See 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B). Brown also asks the Court to grant a "reasonable extension of time in which to perfect the appeal herein." It is unclear exactly what relief Brown is requesting or on what basis he is seeking it. Therefore, this request is denied.

Accordingly, Brown's request for leave to appeal *in forma pauperis* and for the assignment of counsel is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

DATED: July 7, 2010

**CERTIFICATE OF SERVICE**

     Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

                                            s/Bernadette M. Thebolt
                                            Case Manager